IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____ :
                                    :
SUE ELDON, et al.,                  :
                                    :
            Plaintiffs,             :   Civil No. 08-5422 (RBK/AMD)
                                    :
      v.                            :   **OPINION**
                                    :
ROBERT BROWN, et al.,               :
                                    :
            Defendants.             :
_____ :

**KUGLER**, United States District Judge:

This matter comes before the Court upon a motion by Defendants Robert Brown, Mercury Air Centers, Inc., and Corporate Wings, LLC (collectively, "Moving Defendants") to dismiss the Amended Complaint of Plaintiffs Sue and Donald Eldon for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) or for improper venue pursuant to Rule 12(b)(3), or in the alternative, to transfer venue to the District of South Carolina pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a). For the reasons expressed below, the Court will deny the Moving Defendants' motion to dismiss. The Court will, however, transfer the case to the District of South Carolina pursuant to 28 U.S.C. § 1406(a).

**I.     BACKGROUND**[1]

Plaintiff Sue Eldon is a flight attendant. On November 5, 2006 at the Charleston

---

[1] The facts recited in this section are taken from the Plaintiffs' Amended Complaint.

International Airport in South Carolina, she was a passenger in a motorized golf cart driven by Defendant Robert Brown. In his alleged capacity as an employee of the Defendant business entities, Mr. Brown was supposed to safely transport Ms. Eldon from the tarmac to the terminal. On the way to the terminal, however, Mr. Brown unexpectedly turned the cart and accelerated, thereby ejecting Ms. Eldon onto the tarmac, causing significant personal injuries.

On November 3, 2008, Sue and Donald Eldon filed a Complaint sounding in negligence against Mr. Brown, Corporate Wings, LLC ("Corporate Wings"), Allied Capital Corporation ("Allied Capital"), Mercury Air Centers, Inc., ("Mercury Air"), and MacQuarie Infrastructure Company, Inc. ("MacQuarie") (collectively, "Defendants").[2] Upon court order, Plaintiffs filed an Amended Complaint on December 10, 2008 properly alleging diversity jurisdiction. On July 17, 2009, the Moving Defendants filed the instant motion to dismiss, or in the alternative, to transfer to the District of South Carolina.

---

[2] There is some confusion over the proper defendants in this case. The Moving Defendants assert that the parties have agreed that Allied Capital and MacQuarie are improper defendants and should be dismissed. Plaintiffs deny that such an agreement was made as to MacQuarie. The Court notes that the docket does not reflect a notice or stipulation of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41. Alternatively, a footnote in the Moving Defendants' Reply Brief requests the Court to dismiss MacQuarie for failure to properly serve process within the 120-day period provided by Federal Rule of Civil Procedure 4(m). The Court declines this invitation. Rule 4(m) authorizes a court to dismiss an action "on motion or on its own after notice to the plaintiff." The Moving Defendants have not filed a separate motion to dismiss MacQuarie on this basis, and neither the notice of motion nor the proposed form of order submitted by the Moving Defendants as required by Local Civil Rule 7.1 reflect that relief will be sought as to MacQuarie under Rule 4(m). In a different case, the Court might nonetheless be inclined to order Plaintiffs to show cause why MacQuarie should not be dismissed for improper service of process. In light of the fact that the Court will transfer this case to the District of South Carolina, however, the Court declines to act further on the Moving Defendants' informal request. Of course, the parties may pursue this issue in South Carolina.

## II. DISCUSSION

### A. Personal Jurisdiction

Generally, "once the defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992). However, where the court chooses not to conduct an evidentiary hearing, the plaintiff need only demonstrate a prima facie case of jurisdiction to defeat a motion to dismiss. See id. at 142 n.1 (citing Marine Midland Bank v. Miller, 664 F. 2d 899, 904 (2d Cir. 1981); LaRose v. Sponco Mfg., Inc., 712 F. Supp. 455, 458-59 (D.N.J. 1989)). Thus, the Court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Id.

To exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step inquiry. IMO Indus., Inc. v. Kiekert, AG, 155 F.3d 254, 259 (3d Cir. 1998). First, the court must apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction. Id.; see Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (quoting Fed. R. Civ. P. 4(k)) ("[A] federal district court may assert jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state."). Second, the court must apply the principles of due process. IMO Indus., Inc., 155 F.3d at 259. In New Jersey, this inquiry is conflated into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest extent permissible under the Due Process Clause. Id.; see Carteret Sav. Bank, FA, 954 F.2d at 145 (citing N.J. Court R. 4:4-4(c)) ("The New Jersey long-arm rule extends to the limits of the Fourteenth Amendment Due Process protection.").

Due process permits the exercise of personal jurisdiction over a non-resident defendant

where the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Provident Nat. Bank v. California Federal Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987) (internal citations and quotations omitted). A plaintiff may establish jurisdiction by proving the existence of either specific or general jurisdiction. Id. To establish specific jurisdiction, a plaintiff must demonstrate that "the particular cause of action sued upon arose from the defendant's activities within the forum state." Id. On the other hand, to establish general jurisdiction, the plaintiff must "show significantly more than mere minimum contacts"; the defendant's forum contacts must be "continuous and substantial." Id. (citing Gehling v. St. George's School of Medicine, Ltd, 773 F.2d 539, 541 (3d Cir. 1985); Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am., 651 F.2d 877 (3d Cir. 1981)).

The parties agree that the Court does not possess specific-jurisdiction over the Moving Defendants. The Moving Defendants argue that the Court also lacks general jurisdiction over them because they have no contacts with New Jersey. For example, none of the Moving Defendants own property, maintain bank accounts, operate an office, or have appointed an agent for purposes of accepting legal process in New Jersey. Rather, Mr. Brown lives and works in South Carolina, Corporate Wings is organized under the law of Indiana and principally operates out of Ohio, and Mercury Air is a California corporation with its principle place of business in Georgia. Nonetheless, Plaintiffs insist that the Court possesses general jurisdiction by virtue of the Moving Defendants "complex corporate structure." (Pls.' Opp. Brief at 4.) Specifically, Plaintiffs assert that Mercury Air is owned by non-party business entity Atlantic Aviation, which in turn is alleged to regularly conduct business at the Teterboro Airport in Teterboro, New Jersey.

Even if the Court were to assume that it could exercise general jurisdiction over non-party Atlantic Aviation, this fact alone would not necessarily confer personal jurisdiction over the Moving Defendants. A court with personal jurisdiction over a parent corporation does not, simply by virtue of the parent-subsidiary relationship, possess personal jurisdiction over the subsidiary company. Restatement (Second) of Conflict of Laws § 52(b); see Dutoit v. Strategic Minerals Corp., 735 F. Supp. 169, 171 (E.D. Pa. 1990). Rather, to confer jurisdiction a subsidiary must have either directed the parent to take an action or cause an effect in the forum state or the businesses must have disregarded their existence as separate corporate entities. Restatement (Second) of Conflict of Laws § 52(b); see Fisher v. Teva PFC SRL, 212 Fed. Appx. 72, 76 (3d Cir. 2006) (per curiam) (unpublished opinion) (quoting Lucas v. Gulf & Western Indus., Inc., 666 F.2d 800, 806 (3d Cir. 1981) ("The activities of a parent company are imputed to the subsidiary only if the subsidiary is the parent's agent or alter ego so that the 'independence of the separate corporate entities was disregarded.'"), abrogated on other grounds by, EF Operating Corp. v. Am. Bldgs., 993 F.2d 1046 (3d Cir. 1993); Dutoit, 735 F. Supp. at 171 (finding no personal jurisdiction over a defendant subsidiary where the parent, who was subject to personal jurisdiction in the state, did not act as subsidiary's agent in the state and the companies had not disregarded corporate formalities).

In this case, Plaintiffs assert nothing more than the simple facts that Atlantic Aviation is the corporate parent of Mercury Air and that all Moving Defendants are owned by MacQuarie, which also owns Atlantic Aviation. Notably, Plaintiffs have not pleaded that Mercury Air (or any of the other Moving Defendants) have ever directed Atlantic Aviation's New Jersey activities. Nor have Plaintiffs articulated or pleaded facts to support the theory that Atlantic

Aviation is essentially the alter-ego of Mercury Air (or any of the other Moving Defendants). Because this "complex business relationship" is the only basis upon which Plaintiffs allege personal jurisdiction, the Court concludes that personal jurisdiction over the Moving Defendants is lacking.

**B.     Venue**

The Moving Defendants argue that venue in New Jersey is improper because they do not reside in New Jersey and all of the events underlying this lawsuit occurred in South Carolina.

Generally, in a diversity action, venue is proper only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ., or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district the action may otherwise be brought.

28 U.S.C. § 1391(a). For purposes of venue, a corporation is considered to reside in any district in which it is subject to personal jurisdiction, 28 U.S.C. § 1391(c), and a limited liability company is treated as a corporation, Pippett v. Waterford Development, LLC, 166 F. Supp. 2d 233, 238 (E.D. Pa. 2001) (citing Denver and Rio Grande Western Railroad Co. v. Brotherhood of Railroad Trainmen, 387 U.S. 556, 559-60 (1967)).

The Moving Defendants do not reside in New Jersey for purposes of venue because they are not subject to personal jurisdiction here. Moreover, all of the events giving rise to this lawsuit occurred in South Carolina; none occurred in New Jersey. Therefore, South Carolina is a proper venue, and New Jersey is not. Accordingly, the Court must dismiss the case or transfer it

to a district in which it could have been brought if doing so is in the interest of justice.[3] 28 U.S.C. § 1406(a).

Both parties suggest that this case could have been brought originally in South Carolina, and the Court agrees. As noted, venue in South Carolina is appropriate because all of the events giving rise to this action occurred in South Carolina on the tarmac of the Charleston International Airport. The exercise of personal jurisdiction over the Defendants also appears possible in South Carolina. The Moving Defendants have expressed a willingness to submit to jurisdiction there by virtue of their alternative transfer request. Furthermore, the district court in South Carolina can likely exercise personal jurisdiction, if need be, over MacQuarie and Allied Capital, as Mr. Brown allegedly operated the offending golf cart in South Carolina as an employee of these entities. See Bagsby v. Gehres, 195 F. Supp. 2d 957, 964 (E.D. Mich. 2002) (holding that an employee's acts in a forum state are imputed to his or her principal corporation for purposes of jurisdiction where those acts are within the employee's scope of employment). Finally, the Court finds that a transfer to South Carolina is fair and aligned with the interests of justice because both the Plaintiffs and the Moving Defendants have requested it, albeit in the alternative. See Adelman v. Peter, No. 06-6007, 2007 WL 4557651, at *8 (D.N.J. Dec. 21, 2007) (citing Cateret Sav. Bank, FA, 919 F.2d at 231-32) ("Courts typically use § 1406(a) as an equitable remedy so that a plaintiff can avoid having his case dismissed altogether due to jurisdictional problems.").

---

[3] The fact that the Court does not have personal jurisdiction over the Moving Defendants does not strip it of the power to transfer the case to an appropriate district. See Gehling v. St. George's School of Medicine, Ltd., 773 F.2d 539, 544 (3d Cir. 1985) ("[A] district court lacking personal jurisdiction can transfer a case to a district in which the case could have been brought originally.").

Accordingly, the Court will transfer the case to the District of South Carolina.[4]

## IV.   CONCLUSION

For the reasons expressed above, the Court will deny the Moving Defendants' motion to dismiss for lack of personal jurisdiction and for improper venue.  The Court will also deny the Moving Defendants' motion, in the alternative, to transfer pursuant to 28 U.S.C. § 1404(a).  The Court will, however, grant the Moving Defendants' motion to transfer pursuant to 28 U.S.C. § 1406(a).   An appropriate order will be entered.


Dated: 1-29-2010               /s/ Robert B. Kugler
                               ROBERT B. KUGLER
                               United States District Judge

---

[4]  Because the Court will transfer pursuant to 28 U.S.C. § 1406(a), the Moving Defendants' motion, in the alternative, for transfer pursuant to 28 U.S.C. § 1404 is moot and need not be considered.